UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL<br>1331 G Street, NW, Suite 200<br>Washington, DC  20005-3141<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY<br>Office of the General Counsel<br>20 Massachusetts Avenue, NW<br>Washington, DC 20528<br><br>and<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>Office of the Chief Counsel<br>2675 Prosperity Avenue<br>Fairfax, VA 20598-2400,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NUMBER _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of records concerning individuals' access to legal counsel during their interactions with U.S. Citizenship and Immigration Services ("USCIS").  The American Immigration Council ("AIC") seeks declaratory, injunctive, and other appropriate relief with respect to USCIS's unlawful withholding of these records.

2.    Access to counsel is at the very core of our legal system and is integral to ensuring that all noncitizens seeking admission, asylum, or lawful permanent residence, or facing removal are afforded a fair process and a meaningful opportunity to be heard.  Without lawyers,

noncitizens confront the daunting and often insurmountable task of navigating a complicated set of immigration statutes, regulations, and court decisions.

3.      Under the U.S immigration system, the majority of decisions about the legal status of noncitizens are made not by immigration judges in courtrooms, but by various Department of Homeland Security ("DHS") officials, including USCIS officers, in interview rooms and offices.  These interactions can have dramatic consequences that may include denial of U.S. citizenship, asylum, or other lawful immigration status (such as permanent residency), and may lead to arrest, detention, and removal.

4.      Reports from immigration lawyers across the country indicate that USCIS imposes unwarranted limitations on access to counsel.  USCIS officers have prevented attorneys from communicating with their clients and from speaking on their clients' behalf during interviews.  In addition, USCIS officers have refused to accept documents proffered by counsel.

5.      These limitations, which are not mandated by existing regulations, are fundamentally unfair, and in some cases, violate applicable statutory and regulatory protections. They also undermine the quality and efficiency of immigration decision making.  The reported problems were geographically varied and widespread.

6.      USCIS's policies on access to counsel are difficult to ascertain and are arbitrarily applied.  As a result, they are a source of great confusion for immigration lawyers, their clients, and the general public.  To clarify these policies, the American Immigration Council submitted a FOIA request to USCIS, a DHS agency, in March 2011.  USCIS's failure to turn over requested records violates the FOIA, and is impeding AIC's efforts to educate the immigration bar regarding the right to counsel and to effectively advocate for justice and fairness for noncitizens in their interactions with USCIS.

**Jurisdiction and Venue**

7.      This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C.

§ 552(a)(4)(B), 5 U.S.C. §§ 701-706 and 28 U.S.C. § 1331.  This Court has jurisdiction to grant

declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 and

Federal Rules of Civil Procedure 57 and 65.

8.      Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

**The Parties**

9.      Plaintiff AIC is a tax-exempt, not-for-profit educational and charitable

organization under section 501(c)(3) of the Internal Revenue Code, with its principal place of

business at 1331 G Street, Suite 200, in Washington, D.C.  Founded in 1987, AIC's mission is to

educate the American public about immigrants' contributions to American society, to promote

sensible and humane immigration policy, and to advocate for the just and equitable enforcement

of immigration laws.  AIC's Immigration Policy Center ("IPC") and Legal Action Center

("LAC") help carry out this mission by reaching out to the public and to attorneys practicing in

the immigration arena to promote a better understanding of immigration law, policy, and

practice.  The IPC targets policymakers, the media and advocates using a range of publications,

new media, and presentations to inform the public debate on immigration.  The LAC undertakes

administrative advocacy, impact litigation and education to advance the fair administration of

immigration laws.  The LAC has historically focused on access to counsel issues by educating

the immigration bar about the relevant laws, advocating for fair standards and procedures to

remedy ineffective assistance of counsel, and encouraging better access to counsel in

proceedings before DHS and its agencies, including USCIS.

10.     Defendant DHS is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 552(f). DHS is responsible for enforcing federal immigration laws. DHS has possession and control over the records sought by AIC.

11.     Defendant USCIS is a component of DHS and is an agency within the meaning of 5 U.S.C. § 552(f). USCIS oversees lawful immigration to the United States. As such, USCIS adjudicates a wide range of applications for immigration status in the United States (including lawful permanent residence, asylum, and temporary worker status), as well as applications for U.S. citizenship. USCIS has possession and control over the records sought by AIC.

## AIC's FOIA Request

12.     On March 14, 2011 AIC submitted a FOIA request to USCIS seeking:

[A]ny and all records which have been prepared, received, transmitted, collected and/or maintained by the U.S. Department of Homeland Security and/or U.S. Citizenship and Immigration Services (USCIS), whether issued or maintained by USCIS Headquarters offices, regional offices, district offices, field offices and/or any other organizational structure, and which relate or refer in any way to any of the following:

- Attorneys' ability to be present during their clients' interactions with USCIS;

- What role attorneys may play during their clients' interactions with USCIS;

- Attorney conduct during interactions with USCIS on behalf of their clients;

- Attorney appearances at USCIS offices or other facilities.

A copy of the March 14 letter is attached hereto as Exhibit A.

13.     AIC asked that USCIS and DHS waive all fees associated with its FOIA request because disclosure of the records is "likely to contribute significantly to public

understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor." 5 U.S.C. § 552(a)(4)(iii). *See* Exhibit A at 3.

14.     On April 15, 2011, USCIS acknowledged receipt of AIC's FOIA request, but made no substantive determination in response to it. A copy of the April 15 letter is attached hereto as Exhibit B.

15.     On May 2, 2011, USCIS notified AIC that its request for a fee waiver had been granted. A copy of the May 2 letter is attached hereto as Exhibit C.

16.     On July 12, 2011, in response to AIC's request for information about the status of its FOIA request, USCIS informed AIC that it had "just sent an updated inquiry to the program offices we are requesting records from and asked for an update. They are currently working on gathering and searching for records pertaining to your request." A copy of the July 12 letter is attached hereto as Exhibit D.

17.     Under 5 U.S.C. § 552(a)(6)(A), USCIS was required to make a determination on AIC's FOIA request within twenty business days. Because it still had not done so nearly five months after the submission of the request, AIC submitted an administrative appeal to USCIS on August 11, 2011, stating that it considered USCIS's failure to act on its request to be a constructive denial. A copy of the August 11 letter is attached hereto as Exhibit E.

18.     On August 16, 2011, USCIS acknowledged that it had not acted on AIC's request within the statutory time limit. USCIS further stated that "you may, if you choose, treat this letter as a denial of your appeal and bring action in an appropriate federal court." A copy of the August 16 letter is attached hereto as Exhibit F.

19.     AIC has exhausted its administrative remedies.

20.     To date, USCIS and DHS have not disclosed agency records responsive to AIC's FOIA request.

21.     USCIS and DHS have violated the applicable statutory time limit for the processing of FOIA requests.

22.     USCIS and DHS have wrongfully failed to release responsive records to AIC.

## FIRST CAUSE OF ACTION

### Violation of Freedom of Information Act
### for Failure to Disclose Responsive Agency Records

23.     AIC repeats, alleges and incorporates the allegations in paragraphs 1-22 as if fully set forth herein.

24.     USCIS and DHS are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for and to produce records responsive to AIC's FOIA request.  AIC has a legal right to obtain such records, and no legal basis exists for USCIS's and DHS's failure to search for and disclose them.

25.     Defendants' failure to conduct a reasonable search for records responsive to AIC's request and its failure to disclose responsive records violates 5 U.S.C. §§ 552(a)(3)(A), (a)(3)(C), and (a)(6)(A), as well as the regulations promulgated thereunder.

## SECOND CAUSE OF ACTION

### Violation of the Administrative Procedure Act (APA)
### for Failure to Timely Respond to Request for Agency Records

26.     AIC repeats, alleges and incorporates the allegations in paragraphs 1-22 as if fully set forth herein.

27.     Defendants' failure to timely respond to plaintiff's requests for agency records constitutes agency action unlawfully withheld and unreasonably delayed in violation of the APA,

5 U.S.C. §§ 701-06. Defendants' failure to timely respond is arbitrary, capricious, and an abuse

of discretion, not in accordance with law and without observance of procedure required by law,

all in violation of the APA.

WHEREFORE, AIC requests that judgment be entered in its favor against Defendants

USCIS and DHS, and that the Court:

(a)    Declare that Defendants' failure to make a determination with respect to AIC's

FOIA request within the statutory time limit and Defendants' failure to disclose responsive

records violate FOIA;

(b)    Declare that Defendants' failure to timely respond to Plaintiff's requests for

agency records violates the APA;

(c)    Order Defendants and any of Defendants' departments, components, other

organizational structures, agents, or other persons acting by, through, for, or on behalf of

Defendants to conduct a reasonable search for records responsive to AIC's FOIA request;

(d)    Enjoin Defendants, and any of their departments, components, other

organizational structures, agents, or other persons acting by, through, for, or on behalf of

Defendants from withholding records responsive to AIC's FOIA request and order them to

promptly produce the same;

(e)    Award AIC its reasonable attorneys' fees and costs pursuant to 5 U.S.C.

§ 552(a)(4)(E) and 28 U.S.C. § 2412; and

(f)     Grant all other such relief to AIC as the Court deems just and equitable.

Respectfully submitted,

Dated: November 8, 2011

Creighton R. Magid (#476961)
DORSEY & WHITNEY LLP
1801 K Street, N.W., Suite 750
Washington, D.C.  20006
Telephone:  (202) 442-3000
Fax:  (202) 442-3199
magid.chip@dorsey.com

Melissa Crow (#453487)
American Immigration Council
1331 G Street, N.W., Suite 200
Washington, D.C.  20005
Telephone:  (202) 507-7500
Fax:  (202) 742-5619
mcrow@immcouncil.org

*Attorneys for Plaintiff*
*American Immigration Council*